UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

CLEMENT T.,

      **Plaintiff,**

v.

**NANCY A. BERRYHILL,**
**Deputy Commissioner for Operations**
**performing the duties and functions**
**not reserved to the Commissioner of**
**Social Security,**

      **Defendant.**

Case No. 17-2162

REPORT AND RECOMMENDATION

    Plaintiff Clement T. seeks review under 405(g) of the Social Security Administration's denial of his application for disability insurance benefits. The parties filed cross motions for summary judgment. For the reasons explained below, the Court recommends that Plaintiff's Motion for Summary Judgment **(#9)** be **DENIED**, Defendant's Motion for Summary Judgment **(#12)** be **GRANTED**, and the decision to deny benefits be affirmed.

**I.  Background**

    On October 6, 2014, Plaintiff filed an application for disability insurance benefits and supplemental security income. Plaintiff's claim was initially denied on April 10, 2015. Plaintiff received the initial notice of denial and sought reconsideration the next month. Plaintiff's request for reconsideration was denied on August 6, 2015. (R. 5-10). The reconsideration notice was mailed to Plaintiff, and his counsel, using the address Plaintiff and his counsel had provided and to which earlier correspondence had been sent. *Id.* The reconsideration notice expressly informed Plaintiff that he had sixty days to request an administrative hearing. (R. 7); 20 C.F.R. §§ 404.933(b)(1); 416.1433(b).

    On January 4, 2016, five months after the denial notice, Plaintiff's counsel submitted a letter to the Agency inquiring about the status of Plaintiff's case. (R. 79). The letter stated

1

that Plaintiff and his counsel had "heard nothing" from the Agency since their request for reconsideration. *Id.* Plaintiff's attorney also stated that the January 4, 2016, letter should be considered a request for a hearing before an administrative law judge (ALJ). *Id.* Plaintiff's attorney sent a similar letter on June 7, 2016. (R. 80).

On June 15, 2016, in response to the June 7, 2016, letter sent by Plaintiff's counsel, the Agency sent correspondence stating that Plaintiff's request for reconsideration had been denied. (R. 100). The letter further stated that the Agency was forwarding a copy of the August 6, 2015, correspondence regarding Plaintiff's disability claim. *Id.*

On August 19, 2016, the Agency again sent a letter indicating that Plaintiff had been denied at the reconsideration level on August 6, 2015, and advised Plaintiff's counsel that if he wished to appeal the denial, he should demonstrate good cause for having missed the 60-day deadline. (R.101).

On October 7, 2016, Plaintiff's counsel submitted his "good cause" letter. (R.102). Plaintiff's counsel attached the January 4, 2016, letter as well as the June 7, 2016, letter requesting the status of Plaintiff's case. Plaintiff's counsel further asserted that the June 15, 2016, letter was the first time he had learned that Plaintiff had been denied on reconsideration. (R.102). Moreover, Plaintiff's counsel admitted in this letter that he did not file a request for hearing on paper on August 9, 2016.[1]

On November 8, 2016, the ALJ denied Plaintiff's request for hearing. (R.108). The ALJ reasoned Plaintiff had failed to file his request for hearing within the statutory time period and failed to establish good cause for missing the deadline. (R.108). Accordingly, the ALJ denied Plaintiff's request for hearing and held that the reconsideration determination dated August 6, 2015 remained in effect.

On December 12, 2016, Plaintiff submitted his request for review of the ALJ's dismissal. (R. 111). Plaintiff did not submit any additional evidence to the Appeals Council, despite being granted additional time to do so. The only evidence presented to the Appeals Council was the January 4, 2016, letter, the June 7, 2016, letter, and the representation by

---

[1] The Commissioner asserts that there is no evidence of this hearing request in the record, and, even if there had been, the request was still filed well after the deadline.

Plaintiff's counsel that neither he nor Plaintiff received notice of the reconsideration denial until June 15, 2016. (R. 112).

On June 22, 2017, the Appeals Counsel denied Plaintiff's request for review (R.118-120), rendering the ALJ's decision final. On July 13, 2017, Plaintiff, now *pro se*, filed his Complaint (#1) seeking judicial review in this Court. Plaintiff has submitted no additional evidence regarding his failure to file his hearing request within the sixty-day window required by statute. Rather, Plaintiff attaches numerous medical records and asks this Court to review his initial denial of benefits.

### Standard of Review

In reviewing the ALJ's decision, this Court does not try the case *de novo* or replace the ALJ's findings with the Court's own assessment of the evidence. *Pugh v. Bowen*, 870 F.2d 1271, 1274 (7th Cir. 1989). Instead, the Court must affirm the decision to deny benefits if the ALJ correctly applied the law and supported the decision with substantial evidence. *Jelinek v. Astrue*, 662 F.3d 805, 811 (7th Cir. 2011).

II.    Analysis

Despite Plaintiff's request, Plaintiff may only seek review of the ALJ's dismissal of his hearing request. *See Boley v. Colvin*, 761 F.3d 803, 807-808 (7th Cir. 2014) (following an ALJ's determination that a plaintiff lacked good cause for missing the sixty-day deadline, judicial review is limited to "whether substantial evidence, and appropriate procedures, underlie the decision that [the plaintiff] lacks 'good cause' for her delay in seeking intra-agency review."). Therefore, this Court may not review the merits of Plaintiff's disability claim. Plaintiff may only request review of the ALJ's good cause determination in denying his hearing request.

As already noted, the regulations state that Plaintiff had sixty days following the denial of his request for reconsideration to request an administrative hearing. (R. 7); 20 C.F.R. §§ 404.933(b)(1); 416.1433(b). The regulations further state that Plaintiff is deemed to have received a notice within five days of its issuance. 20 C.F.R. §§ 404.901; 416.1401. This extends the time period to sixty-five days (65) for Plaintiff to request an ALJ hearing.

The Agency issued its denial of Plaintiff's reconsideration request on August 6, 2015. Plaintiff, therefore, was deemed to have received it on August 11, 2015. This gave Plaintiff until October 12, 2015[2] to file his request for hearing. The ALJ, giving Plaintiff all benefit of the doubt, construed the January 6, 2016 letter as Plaintiff's request for a hearing, as this was the first correspondence from Plaintiff following the August 6, 2015, denial letter. (R. 108). However, as the ALJ noted, even this request was not submitted until almost three months after the deadline. Therefore, Plaintiff's request for hearing was clearly untimely, and the only issue left for the Court to determine is whether substantial evidence supports the ALJ's determination that Plaintiff lacked "good cause" for the delay.

Plaintiff bears the burden of proof when it comes to receipt of notices. *See* 20 C.F.R. §§ 404.901; 416.1401. As noted, the August 6, 2015, correspondence denying Plaintiff's request for reconsideration was mailed to Plaintiff directly and also to his counsel at the address provided by Plaintiff's counsel. The only evidence of "good cause" Plaintiff has provided are the two letters from his attorney asserting that they did not receive notice of the August 6, 2015, letter. As the Seventh Circuit has stated, however, "[t]he law presumes timely delivery of a properly addressed piece of mail." *Bobbitt v. Freeman Cos.*, 268 F.3d 535, 538 (7th Cir. 2001). Plaintiff makes no argument that the addresses for him or his attorney were incorrect. Therefore, the law presumes the August 6, 2015, letter was properly received.

Moreover, the ALJ reasonably rejected Plaintiff's counsel's contention that the June 15, 2016, letter was the denial of his request for reconsideration. As the ALJ noted, it is reasonable to determine that the Agency's June 15, 2016, letter was sent in response to the June 7, 2016, letter from Plaintiff's counsel. Additionally, the record reflects that the June 15, 2016, letter was a *copy* of the correspondence that had been sent to the Plaintiff regarding his disability claim. (R. 100).

---

[2] 65 days after August 6, 2015, would result in a deadline of October 10, 2015, a Saturday. The Court, therefore, presumes that Plaintiff had until Monday, October 12, 2015, to file his request.

4

In short, Plaintiff and his counsel's claims that they did not receive the August 6, 2015, denial of his reconsideration, without more, do not amount to "good cause" for his failure to seek review within the sixty-five-day period. As the Fifth Circuit has stated:

> Although the court presumes that these statements, like all statements made or offered by an officer of the court, are made in good faith, they cannot provide a substitute for a more concrete showing that the plaintiff or her attorney actually did not receive the Secretary's notice within five days of the date of mailing. Otherwise, this court would be creating an exception to the Act by which a tardy claimant could avoid the jurisdictional requirements by merely asserting a late delivery of the notice of the Secretary's decision.

*McCall v. Bowen*, 832 F.2d 862, 864 (5th Cir. 1987). Thus, the ALJ's decision that Plaintiff lacked good cause for failing to request a hearing within the time period provided by the regulations was supported by substantial evidence and should not be disturbed by this Court.

### III. Conclusion

For these reasons, the Court recommends that Plaintiff's Motion for Summary Judgment **(#9)** be **DENIED**, Defendant's Motion for Summary Judgment **(#12)** be **GRANTED**, and that the decision to deny benefits be affirmed. The parties are advised that any objection to this recommendation must be filed in writing with the clerk within 14 days after being served with a copy of this Report and Recommendation. See 28 U.S.C. § 636(b)(1). Failure to object will constitute a waiver of objections on appeal. Video Views, Inc. v. Studio 21, Ltd., 797 F.2d 538, 539 (7th Cir. 1986).

ENTERED this 17th day of August, 2018.

                s/ERIC I. LONG
                UNITED STATES MAGISTRATE JUDGE